# United States Court of Appeals
## For the First Circuit

No. 01-2110

DORIS A. METIVIER,

Plaintiff, Appellant,

v.

RUSSELL J. CONNOR JR., ADMINISTRATOR FOR THE TOWN OF GRAFTON;
BROOK A. PADGETT, MEMBER AND CHAIR OF THE BOARD OF SELECTMEN FOR
THE TOWN OF GRAFTON; ROGER DEMERS, MEMBER OF THE BOARD FOR THE
TOWN OF GRAFTON; KENNETH GREW, MEMBER OF THE BOARD FOR THE TOWN
OF GRAFTON; CHRISTOPHER R. LEMAY, MEMBER OF THE BOARD FOR THE
TOWN OF GRAFTON; MICHAEL W. SOWYRDA, MEMBER OF THE BOARD FOR THE
TOWN OF GRAFTON; TOWN OF GRAFTON,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch, Circuit Judge,
and Campbell and Bownes, Senior Circuit Judges.

Gary S. Brackett with whom James T. Masteralexis and Brackett
& Lucas were on brief for appellant.

Richard W. Jensen with whom Morrison, Mahoney & Miller, LLP
was on brief for appellees.

March 25, 2002

**Per Curiam**.  Doris A. Metivier appeals from the district court's dismissal of her case against the Town of Grafton, Massachusetts, the Town Administrator (Russell J. Connor Jr.), and the members of its Board of Selectmen.  Metivier served as Grafton's Town Accountant for five consecutive three-year terms.  Connor did not reappoint her after her last three-year term expired on June 30, 2000.  Instead Metivier was kept on as a holdover employee until another Town Accountant was qualified to take the position.  Metivier claims that she had property and liberty interests in her job pursuant to Massachusetts state law and the Grafton Town Charter.  Because the town did not give her notice or a hearing to show good cause for the decision not to reappoint her, she says the town violated her procedural due process rights under the Fourteenth Amendment to the United States Constitution.  In a well-reasoned opinion, the district court dismissed her claim and denied her motion for a preliminary injunction.  Metivier v. Town of Grafton, 148 F. Supp. 2d 98 (D. Mass. 2001).

We affirm the district court's judgment for the reasons stated by the district court in its June 20, 2001 opinion.  1st Cir. R. 27(c).  Metivier's position as Town Accountant was terminated after the end of a fixed three-year term, Mass. Gen. Laws ch. 41, § 55 (2000), therefore she had only holdover status.  She was neither a fixed term employee nor an employee for an indefinite term.  Thus, she had no property interest in her job under the town charter or under state law.  In addition, she has not shown damage to her reputation sufficient to affect her liberty

-2-

interests.  Her procedural due process claim therefore fails.  <u>Ky.</u> <u>Dep't of Corr.</u> v. <u>Thompson</u>, 490 U.S. 454, 460 (1989) (First step in procedural due process analysis is to "ask[] whether there exists a liberty or property interest which has been interfered with by the State.").

<u>Affirmed</u>.